JUSTICE COTTER
specially concurs,
¶34 I concur with Justice Regnier. As long as Feight is the law of the land for those who seek to appeal from a justice court’s order denying a motion to withdraw a guilty plea, it should be consistently and unfailingly applied to everyone who attempts to appeal from such an order. If on the other hand, we have so little confidence in its correctness that we must devise methods to avoid its consequences, as we do here, then we should say so. I would re-examine our holding in Feight, and correct the error we made in that case.
¶35 In Justice Regnier’s dissent in Feight, in which Justice Trieweiler and I joined, Justice Regnier concluded that the general right to appeal found in § 46-20-104, MCA, and § 3-5-303, MCA, should have controlled the disposition of that case, in light of the fact that none of the statutes limiting appeals from the justice court to the district court applied to the situation before the Court. Feight, ¶ 34 (Regnier, J., dissenting). Justice Regnier argued that the inquiry is not, as the majority in Feight concluded, whether any specific statute authorizes an appeal. Rather, the inquiry should be whether any statute precludes such an appeal. I agree. There is additional statutory authority for this proposition, cited by Leifert, that was not addressed by either the majority or the dissent in Feight.
¶36 Leifert argued that, absent any specific statute precluding an appeal from an order denying a motion to withdraw a guilty plea in justice court (and we agreed in Feight that there was none), he was entitled to the benefit of § 46-1-103(1), MCA, which provides:
This title governs the practice and procedure in all criminal proceedings in the courts of Montana except where provision for a different procedure is specifically provided by law.
The meaning of this language is clear. The rights afforded under Title 46 apply in all criminal proceedings, except where a specific provision provides a countervailing procedure.
¶37 In Feight, we held:
Accordingly, §§ 3-5-303, 46-17-203, 46-17-311 and 46-12-204, MCA, being the specific legislative scheme defining the *31 jurisdiction of district courts to hear appeals from justice courts, these statutes control over § 46-20-104, MCA, which only generally defines the scope of criminal appeals by the defendant.
Feight, ¶ 21. Significantly, none of these listed statutes specifically strips from a justice court defendant the right to appeal from a denial of a motion to withdraw a guilty plea. This being so, then the general right of appeal found at § 46-20-104, MCA, is not displaced or superseded, and cannot, if § 46-1-103, MCA, is to be given its clear meaning, be abrogated by the type of statutory construction in which the majority engaged in Feight.
¶38 Contrary to our holding in Feight, the fact that § 46-20-104, MCA, is a general criminal statute does not mean it is displaced by specific justice court statutes. In State v. Tweedy (1996), 277 Mont. 313, 922 P.2d 1134, we were confronted with the question of whether the provisions of § 46-18-116, MCA (dealing with the requirement of a signed judgment), should apply to proceedings in justice court, which were prescribed by the provisions of Chapter 17 of Title 46. Citing § 46-1-103(1), MCA, as our authority, we concluded that unless a different procedure for justice court was specifically outlined, the requisites of other chapters of Title 46 should be applied to criminal proceedings in justice court. Tweedy, 277 Mont. at 317, 922 P.2d at 1136. The same result is compelled here.
¶39 When the majority faulted Feight for his inability to point to any statutory authority for a right to appeal to the District Court from a denial of a motion to withdraw a guilty plea (Feight, ¶ 17, emphasis mine), the majority imposed upon Feight a burden that was not his, or that of any other defendant in a similar situation, to carry. Simply put, the right of appeal from a final order exists unless abrogated by specific statute. No such statute being found, it was error for this Court to judicially eliminate Feight’s statutory right under § 46-20-104(1), MCA, to appeal from a final order affecting his substantial rights.
¶40 Finally, we also held in Tweedy that a party cannot consent to subject matter jurisdiction that is lacking, or waive a want of jurisdiction. Tweedy, 277 Mont. at 315, 922 P.2d at 1135. Yet, this is what occurred here when-contrary to our holding in Feight — we accepted jurisdiction pursuant to the State’s creative (and, I submit erroneous) interpretation of our postconviction statutes.
¶41 As Justice Regnier urges, I would accept Leifert’s notice of appeal for just what it is, and would hold the District Court had jurisdiction to consider it. In the process, I would overrule Feight.
JUSTICE REGNIER, concurs in the foregoing special concurrence,